# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY J. WHITLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13 C 5529 |
| v. ) | |
| ) | Magistrate Judge Daniel G. Martin |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kimberly Whitlow seeks judicial review of the final decision of the Acting Commissioner of Social Security, denying her application for disability insurance benefits (DIB). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Because the administrative law judge's decision is not supported by substantial evidence, all factual issues have been resolved, and the record supports a finding of disability, the denial of benefits is reversed and this case is remanded to the agency for an award of benefits.

## BACKGROUND

Whitlow applied for DIB on June 26, 2007, with an alleged onset date of April 1, 2004. Whitlow suffers from multiple sclerosis, right eye blindness, vertigo, and depression. Under the required five-step analysis used to evaluate disability, ALJ Denise McDuffie Martin found that Whitlow had not engaged in substantial gainful activity during the period from her alleged onset date of April 1, 2004 through her date last insured of December 31, 2006 (step one); her multiple sclerosis, right eye legal blindness, vertigo, and depression were severe impairments (step two); but they did not qualify as a listed impairment through the date last insured (step three). (R. 24-28). The ALJ determined that through the date last insured, Whitlow retained the residual functional capacity (RFC) to perform a restricted range of sedentary work with no climbing ladders,

ropes, or scaffolds; occasional climbing of ramps and stairs; occasional stooping; no balancing, kneeling, crouching, or crawling; no concentrated exposure to temperature extremes, heights, moving machinery, and vibration; no tandem walking; no operation of motor vehicles; limited to unskilled, simple, repetitive, routine tasks in a low stress job; and work involving no fine visual acuity. (R. 28, 30).

Given this RFC, the ALJ concluded that Whitlow was unable to perform her past relevant work as an architect (step four). (R. 33). The ALJ determined there were jobs that exist in significant numbers in the economy that Whitlow could perform considering her age, education, and residual functional capacity, including order clerk (9,300 jobs) and stuffer (18,000 jobs). (step five). (R. 34). The Appeals Council denied Whitlow's request for review on August 25, 2013. (R. 7-10). Whitlow now seeks judicial review of the final decision of the Commissioner, which is the ALJ's ruling. O'Connor-Spinner v. Astrue, 627 F.3d 614, 618 (7th Cir. 2010).

## DISCUSSION

There is no dispute that the ALJ erred at step five in finding that Whitlow could perform a significant number of jobs in the national economy and was, therefore, not disabled. What is in dispute is the proper remedy for the ALJ's error. Whitlow argues that an award of benefits is appropriate. The Commissioner seeks an order reversing the ALJ's decision with remand for a *de novo* review of the case, a re-evaluation of Whitlow's RFC, and to obtain supplemental evidence from a vocational expert ("VE"). There is no basis for the Commissioner's argument that a remand should be for a *de novo* review and re-evaluation of Whitlow's RFC. The Commissioner's argument for a remand to obtain supplemental evidence from a vocational expert is also unavailing.

The Commissioner argues that a remand for a new decision is warranted due to Whitlow's visual restriction. The ALJ's hypothetical to the VE included, among other restrictions, a limitation of no work requiring fine visual acuity. (R. 116-18). The Commissioner contends that "[t]here is

some question as to whether the VE understood the ALJ's hypothetical question with respect to visual limitations" and the record "is not clear that the VE understood the ALJ's hypothetical question" regarding visual limitations. (Docs. 19 at 2, 28 at 2). The Court disagrees.

The ALJ included in her RFC that "[g]iven the poor vision in one-eye and depth perception problems, the claimant should perform work involving no fin[e] visual acuity and no operation of motor vehicles, with additional limitation to heights and hazards as noted." (R. 30). At the hearing, the ALJ posed hypotheticals to the VE that contained "limited visual acuity on the right eye, no work that would require utilizing fine print." (R. 117). The ALJ added: "No requirement that the claimant would have to review documents or files or any sort of written instructions that would require use of fine print or fine visual acuity." Id. The VE asked: "Near acuity then?" Id. The ALJ responded, "Fine visual acuity." The VE responded: "Okay." The ALJ then stated "Small." To which the VE responded, "Yes." Id. The ALJ asked the VE if a person with Whitlow's age, education, and work experience who would be limited to light work with no climbing of ladders, ropes, or scaffolds; no balancing; occasional climbing of ramps and stairs; occasional stooping, kneeling, crouching, and crawling; avoid concentrated exposure to temperature extremes, unprotected heights, and dangerous or moving machinery; unskilled, simple, routine, repetitive job, low stress work, and no fine visual acuity could perform any jobs. (R. 118). The VE testified that such an individual could not perform Whitlow's past work as an architect but could perform two jobs: room service clerk and garment bagger. (R. 117-18).

The ALJ then modified the hypothetical and reduced the RFC from light to sedentary work. (R. 118). In response, the VE stated that the cited jobs would require near acuity on an occasional basis. Id. The ALJ explained that she was not eliminating jobs requiring near acuity, but was instructing the VE to eliminate jobs requiring fine visual acuity, as in "no small parts" or "things of that nature." Id. The VE testified that fine visual acuity likely fell into the DOT's near acuity definition of vision at 20 inches or less and that no jobs would be available with the ALJ's no fine

visual acuity limitation. (R. 118). The ALJ then asked the VE to remove the visual acuity limitation from the hypothetical, at which time the VE testified that such a person could perform work as an order clerk, stuffer, surveillance monitor, and credit checker at the unskilled, sedentary level. (R. 118-19). The ALJ inquired as to whether the VE's testimony was consistent with the Dictionary of Occupational Titles (DOT) and the VE answered in the affirmative. (R. 34, 119).

In her decision, the ALJ's RFC finding limited Whitlow to a restricted range of sedentary work requiring no fine visual acuity. (R. 28, 30). The ALJ found Whitlow capable of performing the jobs of order clerk and stuffer at step five of the sequential analysis.[1] The VE actually testified that someone with Whitlow's sedentary and visual limitations would be unable to perform any jobs in the national economy. (R. 118). The ALJ mistakenly stated that the VE testified that such an individual *could* perform the jobs of order clerk and stuffer. (R. 34). The ALJ's confusion resulted in a finding that Whitlow was not disabled because she could perform the requirements of order clerk and stuffer jobs. The ALJ's decision is thus based on a material misrepresentation of the VE's testimony.

The Commissioner contends that "there does not appear to be a meeting of the minds between the ALJ and VE" as to the hypothetical questions posed to the VE because "it appears the ALJ may have meant that Whitlow could not perform any work requiring small parts rather than no fine visual acuity." (Doc. 28 at 3). According to the Commissioner, "[i]t is not clear that [] there was any vocational distinction between no work requiring small parts and no work requiring fine visual acuity." Id. Having carefully reviewed the hearing testimony, the Court finds that the ALJ's

---

[1] There are certain discrepancies between the hypothetical questions asked of the VE and the ALJ's written RFC assessment. The ALJ's RFC finding is more restrictive than the hypothetical questions posed to the VE. Specifically, the restrictions of no concentrated exposure to vibration, no tandem walking, and no operation of motor vehicles were included in the ALJ's RFC finding (R. 28), but not in the hypothetical to the VE. (R. 117). Also, the ALJ's RFC assessment included a limitation of never kneeling, crouching, or crawling (R. 28), while the hypothetical included a restriction of occasional kneeling, crouching, and crawling. (R. 117).

hypothetical to the VE was sufficiently clear as to the fine visual acuity limitation. The ALJ initially defined the visual limitation as "no fine print" and "no requirement that the claimant would have to review documents or files of any sort of written instructions that would require use of fine print or fine visual acuity." (R. 117). The ALJ later added: "no small parts" or "things of that nature" and the VE responded, "Right." (R. 118). It is sufficiently clear that the ALJ defined her no fine visual acuity limitation as no reading fine print and no work with small parts. This definition is consistent with Social Security Ruling 85-15's definition of "very good vision" as "working with small parts or reading small print." SSR 85-15, 1985 WL 56857, at * 8. The ALJ explained that the reason for the no fine visual acuity limitation was that Whitlow testified that she has "difficulty threading a needle *and* reading fine print." (R. 29-30) (emphasis added). The VE reviewed the record and was present at the hearing to hear Whitlow's testimony and to ask clarifying questions, if necessary. (R. 116). The VE clearly testified that no sedentary jobs would be available to an individual with Whitlow's RFC who could not perform work requiring fine visual acuity. The ALJ did not find that the VE was confused about the visual limitations in the hypotheticals posed to the VE. The ALJ credited the VE's testimony but misstated it. The Commissioner's suggestion that the VE was confused with respect to the hypothetical questions' fine visual acuity limitation is therefore unfounded speculation not supported by the hearing transcript or the ALJ's decision.

Whitlow asks for reversal of the ALJ's decision and an award of benefits. The Commissioner's motion for remand proposes that the case be remanded for a *de novo* review where ALJ will re-evaluate Whitlow's residual functional capacity and obtain supplemental evidence from a vocational expert. "Courts have the statutory power to affirm, reverse, or modify the Social Security Administration's decision, with or without remanding the case for further proceedings." Allord v. Astrue, 631 F.3d 411, 415 (7th Cir. 2011). This includes the ability to remand with instructions for the Commissioner to calculate and award benefits to the claimant. Id. "An award of benefits is appropriate, however, only if all factual issues involved in the entitlement

determination have been resolved and the resulting record supports only one conclusion–that the applicant qualifies for disability benefits." Id. (citing Briscoe ex re. Taylor v. Barnhart, 425 F.3d 345, 355 (7th Cir. 2005)).

The Commissioner does not argue that the ALJ incorrectly assessed Whitlow's RFC. As such, the Court can find no basis for a *de novo* review and reevaluation of the ALJ's RFC assessment. Nor is a remand necessary to seek supplemental evidence from a vocational expert. The Commissioner argues that the record in this case does not support a clear entitlement to benefits because the VE expressed some confusion regarding Whitlow's visual limitations in the hypothetical questions the ALJ posed. The Court has rejected the Commissioner's argument that the VE was confused by or did not understand the limitation of no fine visual acuity and the Commissioner offers no other reason for her argument that the record does not support a clear entitlement to benefits.

The record in this case supports only one conclusion. Given the ALJ's RFC assessment and the vocational expert's testimony that no jobs in the national economy can be filled by a person with Whitlow's sedentary RFC and visual limitations, the only possible outcome is a finding that Whitlow is disabled as of December 31, 2006, her date last insured for disability benefits. The ALJ's hypothetical question and RFC finding limited Whitlow to a restricted range of sedentary work, that among other things, required no fine visual acuity through the date last insured. The ALJ was wrong when she stated that the VE testified that an individual with Whitlow's RFC could perform the jobs of order clerk and stuffer. In fact, the VE testified that someone with Whitlow's sedentary and visual limitations would be unable to perform any jobs in the national economy. (R. 118). The ALJ mistakenly stated that the VE testified that such an individual *could* perform the jobs of order clerk and stuffer. (R. 34). On this record, if the ALJ had properly considered and characterized the VE's testimony, Whitlow should have been found disabled based on the vocational expert's testimony. Given the ALJ's own RFC findings and the uncontradicted vocational

evidence, Whitlow is disabled and entitled to benefits.

## CONCLUSION

For these reasons, the ALJ's decision is reversed and this case is remanded to the agency for an award of benefits pursuant to sentence four of 42 U.S.C. § 405(g). Defendant's Motion for Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) [18] and Defendant's Motion for Partial Summary Judgment [27] are denied. The Clerk is directed to enter judgment in favor of Plaintiff Kimberly Whitlow and against Defendant Acting Commissioner of Social Security.

**E N T E R:**

**Daniel G. Martin**
**United States Magistrate Judge**

**Date: February 23, 2015**